UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RHKIDS, LLC., | Case No. 2:17-cv-01907-MMD-PAL |
| Plaintiff, | ORDER |
| v. | |
| CASTLE & COOKE MORTGAGE SERVICES, LLC, ELKHORN COMMUNITY ASSOCIATION; and JPMORGAN CHASE BANK, N.A., | |
| Defendants. | |

On February 9, 2018, the Court issued an order requiring Defendant JPMorgan Chase Bank, N.A. ("Chase") to supplement its Petition for Removal ("Petition") and statement regarding removal in order to provide this Court with the states of citizenship of Defendant Castle & Cooke Mortgage Services, LLC ("Castle" or "the LLC"). (ECF No. 22.) On February 14, 2018, Chase filed a motion requesting a period of 60 days to conduct jurisdictional discovery ("Motion"). (ECF No. 23.) The Court denies the Motion for two reasons.

First, Chase admits that the managing member of the LLC appears to be a resident of California. (ECF No. 23 at 4; *see also* ECF No. 23-3 at 3.) Because the Petition states that RHKids, LLC ("RHKids") is a citizen of California (ECF No. 1 at ¶ 4), this admission on its own destroys complete diversity of the parties and, therefore, diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Second, Chase contends that it has diligently sought information regarding the states of citizenship of members of the LLC in response to the

Court's February 9, 2018, order. (ECF No. 23 at 4.) However, it was Chase's burden at the time of removal to demonstrate that this Court has subject-matter jurisdiction over the action, and the action was removed on July 12, 2017.[1] In light of this unreasonable delay, the Court declines to exercise its discretion to grant Chase's request for jurisdictional discovery. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 819 (9th Cir. 1995) (finding that district court did not abuse its discretion in declining to give plaintiffs additional time to conduct discovery when they had failed to conduct discovery during the nine-month period between the filing of the complaint and the district court's dismissal order); *see also Berardinelli v. Castle & Cooke Inc.*, 587 F.2d 37, 39 (9th Cir. 1978) (finding that dismissal was proper where plaintiff did not avail himself of the opportunity to conduct jurisdictional discovery during the seventh months between the filing of the complaint and the grant of the motion to dismiss).

Because the parties are not diverse, the Court lacks diversity jurisdiction. Accordingly, the Court *sua sponte* remands this action to state court. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (finding that when a requirement goes to subject-matter jurisdiction, courts must consider *sua sponte* issues that the parties have not presented).

It is therefore ordered that Chase's motion to conduct jurisdictional discovery (ECF No. 23) is denied.

It is further ordered that RHKids, LLC's Motion to Remand Case to State Court (ECF No. 10) is denied as moot.

///

---

[1] Moreover, Chase's contention that it was hindered from conducting discovery into this matter in light of the magistrate judge's order (ECF No. 19) staying discovery in September 2017 is unpersuasive, as Chase could have requested limited jurisdictional discovery before this time or at any point thereafter. (*See* ECF No. 23 at 3.) Chase also insists that it has been diligent in seeking the information requested in the February 9, 2018, Order since receiving the Order. (*Id.* at 4.) But this contention misses the point. Chase has not been diligent in seeking the information since removal, particularly given that removal was initiated without any knowledge of the citizenship of one of the then-served defendants—Castle.

It is further ordered that, because this Court lacks subject-matter jurisdiction, the case be remanded to state court.

DATED THIS 15th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE